IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MICHAEL JENKINS, | ) | |
| Petitioner, | ) | Civil No. 98-590-AA |
| vs. | ) | |
| DAN JOHNSON, Superintendent, Snake River Correctional Institution, | ) | OPINION AND ORDER |
| Respondent. | ) | |

Lisa Hay
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204
    Attorney for petitioner

Hardy Myers
Attorney General
Douglas Y.S. Park
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310
    Attorneys for respondent

AIKEN, Judge:

    Pursuant to 28 U.S.C. § 2254, petitioner filed a petition on May 11, 1998, against defendant Dan Johnson, Superintendent of the Snake River Correctional Institution, for writ of habeas corpus. Petitioner's claims are denied and the petition is dismissed.

1 - OPINION AND ORDER

## BACKGROUND

The petitioner was convicted of Attempted Murder, two counts of Rape in the First Degree, Robbery in the First Degree, Sodomy in the First Degree, Kidnapping in the First Degree, and Robbery in the Third Degree. The court sentenced petitioner to 20 years with a ten-year minimum on each of the Rape convictions, 20 years with a ten-year minimum on the Sodomy conviction, 20 years with a ten-year minimum on the Kidnapping conviction, and three years on the Robbery conviction.

Petitioner directly appealed his Attempted Murder, Rape, Sodomy, Robbery in the First Degree, and Kidnapping convictions. The convictions were affirmed without opinion by the Oregon Court of Appeals and petitioner did not seek review. See State v. Jenkins, 51 Or. App. 364, 628 P.2d 796 (1981).

Petitioner then filed four petitions for post-conviction relief (PCR) for his Robbery in the First Degree conviction with the following results: on January 26, 1980, relief was denied via a nine-page opinion on his first PCR petition which alleged various ineffective-counsel grounds, petitioner did not appeal; on August 16, 1989, after approximately three years litigating his second-amended PCR petition which alleged his convictions were unlawful because the juvenile court lacked jurisdiction to remand his criminal case back to the adult court, the court granted petitioner's voluntary motion to dismiss the petition; on October 10, 1990, relief was denied on his third PCR petition which again alleged that his convictions were unlawful because the juvenile court lacked jurisdiction to remand him to adult court, the court held that the petition was time barred by Oregon's statute of

limitations, petitioner appealed the PCR trial court's decision, however, the Oregon Court of Appeals affirmed without opinion, Jenkins v. Maass, 113 Or. App. 233, 832 P.2d 1276 (1992), petitioner did not petition the Oregon Supreme Court for review; and finally, four years later, on September 4, 1996, relief was denied on his fourth PCR petition again finding the petition timed barred by Oregon's statute of limitations and improperly successive, petitioner again alleged ineffective assistance of counsel due to counsel's alleged failure to argue that the juvenile court lacked jurisdiction to remand petitioner to adult court. The PCR court dismissed this proceeding with prejudice. Petitioner then moved unsuccessfully for permission from the Oregon Court of Appeals to file an untimely appeal. Review of the Oregon Court of Appeals' dismissal was denied by the Oregon Supreme Court.

On May 11, 1998, less than one year later, petitioner's federal habeas corpus petition was filed.

## DISCUSSION

Petitioner brings this federal habeas corpus proceeding challenging his jury trial convictions for Rape in the First Degree (two counts), Sodomy in the First Degree, Kidnapping in the First Degree, and Robbery in the Third Degree. Petitioner alleges that, due to an unusual set of timing sequences, no court in Oregon could have properly acquired jurisdiction over him in order to resolve these offenses. Thus, petitioner argues, his federal constitutional due process rights were violated by the mere fact that he was prosecuted for these crimes.

///

3 - OPINION AND ORDER

Respondent first asserts that petitioner's lack of jurisdiction/due process claim was not fairly presented to the Oregon Supreme Court as required by the exhaustion doctrine, and it cannot now be fairly presented. Therefore, respondent argues that petitioner's claims are procedurally defaulted.

Habeas petitioners are required to exhaust state remedies on all claims alleged in their § 2254 petition unless it appears there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). In order to properly exhaust state remedies, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To "fairly present" a federal claim in state court, habeas petitions must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). Most recently, the United States Supreme Court stated:

> ordinarily a state prisoner does not 'fairly present' a claim to a state['s] [highest] court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so.

Baldwin v. Reese, 541 U.S. 27, 32 (2004).

Moreover, a petitioner must have presented his federal claim to the state court in a procedural context in which the claims' merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989)(claim not fairly presented when raised for the first

4 - OPINION AND ORDER

time on petition for review to state Supreme Court).

The United States Supreme Court has held that:

> [t]his court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment . . . . This rule applies whether the state law ground is substantive or procedural.

Coleman v. Thompson, 501 U.S. 722, 729 (1991)(internal citations omitted).

Coleman also held that a state court decision rests on independent and adequate state procedural grounds if a state court declined to address a petitioner's federal claim because the petition failed to meet a state procedural requirement. Id. at 729-30. In those cases, the claims are held procedurally defaulted.

The respondent asserts that petitioner's claim that his federal due process rights were violated because the adult court lacked jurisdiction over him was not "fairly presented" to Oregon's highest court during his direct appeal. I agree that petitioner's claim as stated above could have been raised at petitioner's underlying trial and on direct appeal. In fact, during petitioner's various PCR proceedings as outlined above, petitioner alleged that trial and appellate counsel performed ineffectively by not advancing this issue during petitioner's underlying criminal proceedings. Oregon courts hold that PCR petitioners generally may not raise claims in PCR proceedings that could have been raised during the underlying criminal proceeding and on direct appeal, unless they assert that failure to raise the claim constituted inadequate assistance of counsel. Palmer v.

5 - OPINION AND ORDER

State of Oregon, 318 Or. 352, 356-58, 867 P.2d 1368 (1994).

Here, petitioner failed to raise any due process claims in his brief to the Oregon Court of Appeals. Further, he failed to petition the Oregon Supreme Court for review during his direct appeal proceedings. Therefore, the claim argued by petitioner in the motion at bar was not "fairly presented" to Oregon's highest court during his direct appeal proceedings. Petitioner is now barred under Oregon law from filing any additional direct appeals, and therefore cannot "fairly present" his claim to Oregon's highest court in a procedural context where its merits will be considered.

Petitioner argues that his claim is not procedurally defaulted because he attempted to litigate it during his last three PCR proceedings. First, I note that petitioner should have presented his claim to the Oregon Supreme Court during his direct appeal, not during a PCR appeal. Petitioner's claim is defaulted for that reason, even assuming petitioner had presented his claim to the PCR trial court in a "properly filed" PCR petition. Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987)(if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief" the correct avenue must be fully exhausted).

Second, petitioner's claim was not "fairly presented" to the PCR courts because the PCR proceedings wherein petitioner raised this claim were found improperly successive and/or time-barred. Regarding petitioner's first PCR proceeding in November 1981, petitioner had the information necessary to raise the claim but did not do so. Even if petitioner had raised his due process

claim in that proceeding, that fact would not assist petitioner because he failed to appeal the PCR trial court's dismissal of that PCR proceeding. Therefore, no claims were "fairly presented" to the Oregon Supreme Court during petitioner's first PCR proceeding. Petitioner's second PCR proceeding was filed in 1986. In 1988, he filed an amended PCR petition asserting the following: (1) he could not have raised his lack of jurisdiction/due process claim in his first PCR proceeding because the relevant information was unknown to him at the time; and (2) trial and appellate counsel performed ineffectively by failing to raise that claim "even after being instructed to do so by petitioner." Assuming petitioner did "instruct" trial and appellate counsel to raise his due process claim during his underlying criminal proceedings, then petitioner must have known the information relevant to his claim since 1980. The facts necessary for petitioner to have raised this claim are included in the Memorandum of Points and Authorities that trial counsel filed during petitioner's criminal proceedings. Or. Rev. Stat. 138.550(3) states that:

> [a]ll grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

ORS 138.550(3)(1986).

This procedural matter was never addressed by the PCR court because the court granted petitioner's voluntary motion to dismiss his second PCR proceeding without prejudice.

///

7 - OPINION AND ORDER

In petitioner's third PCR proceeding, he did not raise his lack of jurisdiction claim as a federal due process claim. Instead, petitioner raised that claim in the context of ineffective trial and appellate counsel claims. Regardless, petitioner still would not have a due process claim in the case at bar because the PCR trial court dismissed petitioner's third PCR proceeding as time-barred by the applicable statute of limitations. Moreover, even if the PCR court were wrong in dismissing petitioner's third PCR petition as time-barred, petitioner's claim would still fail as he did not petition the Oregon Supreme court for review after the Court of Appeals affirmed the PCR trial court's decision. Again, I find that petitioner's claims were not "fairly presented" to the Oregon Supreme Court in petitioner's third PCR proceeding.

After the Appellate Judgment issued in 1992 from petitioner's third PCR proceeding, petitioner did nothing for four years before finally filing his fourth PCR proceeding. In this proceeding, petitioner again failed to raise his lack of jurisdiction claim as a due process claim. Instead, he referred again to the jurisdiction issue only as a basis for ineffective trial and appellate counsel claims. The PCR court granted respondent's motion to dismiss petitioner's fourth PCR proceeding on the grounds that it was both successive and time-barred under Oregon law. Petitioner failed to appeal the dismissal of his fourth PCR proceeding in a timely manner. In his petition for review before the Oregon Supreme Court, he neglected to mention the claim at bar. Instead, petitioner's argument addressed whether he should have been allowed to file an untimely PCR appeal. Therefore,

8 - OPINION AND ORDER

petitioner's lack of jurisdiction/due process claim was not "fairly presented" to the Oregon Supreme Court during his fourth PCR proceeding because that proceeding was found to be time-barred and improperly successive. See Coleman, 501 U.S. at 749 (by filing late, petitioner defaulted his entire state collateral appeal); O'Sullivan, 526 U.S. at 484 (failure to present federal habeas claims to state court in timely fashion resulted in procedural default of those claims).

Therefore, I find that petitioner's due process claim in the case at bar was never "fairly presented" to Oregon's highest court during any of his PCR proceedings. Further, under Oregon law, petitioner is now barred from filing any additional PCR proceedings or PCR appeals and therefore cannot "fairly present" any additional claims to Oregon's highest court in a context where their merits will be considered. Petitioner has procedurally defaulted his claim and therefore his habeas petition is dismissed.

Even, however, if this court were to consider the underlying merits of petitioner's claim, I find petitioner's claim lacks merit because an Oregon State court has previously determined that the procedure used in petitioner's case was required by Oregon law. Specifically, "it is not the province of a federal habeas court to reexamine state-court determination on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

///

9 - OPINION AND ORDER

Here, petitioner asserts that the Oregon courts lacked jurisdiction over him to do anything about the criminal offenses at issue in this case. Petitioner argues that the Oregon State courts violated Oregon state law when it ruled that his case should be sent to the juvenile court to determine whether he should proceed in adult court or juvenile court on the offenses at issue in this habeas proceeding. Petitioner further asserts that Oregon courts violated his federal due process rights because a state's failure to comply with its own laws violates the Fourteenth Amendment's Due Process Clause.

Petitioner's claim turns on whether the trial court at petitioner's underlying criminal proceedings properly interpreted Oregon law as requiring that petitioner be remanded to juvenile court to consider whether he should stand trial as an adult. I am persuaded by a Fourth Circuit Court of Appeals decision holding that whether a state court properly determined that it had jurisdiction over offenses committed by a juvenile is a state law question and not a question of federal law. See Wright v. Angelone, 151 F.3d 151, 157-58 (4th Cir. 1998).

Here, the trial court that presided over petitioner's criminal proceeding interpreted state law in finding that petitioner was required to be remanded back to the juvenile court so that court could determine whether he should proceed in adult or juvenile court. Petitioner's criminal trial judge ruled that the issue of what court petitioner should be in was "not a matter of jurisdiction but one of procedure" and the judge directed that the juvenile court department review the new charges for determination under the statute. I find that this state law

10 - OPINION AND ORDER

interpretation is binding on this court. See also, Bains v. Cambra, 204 F.3d 964, 972 (9th Cir.)("federal courts [are] bound by the state court's interpretation of state law"), cert. denied, 531 U.S. 1037 (2000)(internal citation omitted).

I find that petitioner's claim is procedurally defaulted. Moreover, I find no showing of "cause and prejudice" for petitioner's failure to present his claim to Oregon's highest court, and no evidence that his convictions resulted in a "fundamental miscarriage of justice" due to petitioner's "actual innocence." Petitioner asserts that he is "actually innocent of the sentence imposed on him because he was not eligible for that sentence through the procedures employed." Notably, petitioner does not argue that he did not commit the acts upon which his convictions are based.

I disagree with the petitioner that either the Ninth Circuit or this court have held that the "actual innocence" exception applies to sentencing error claims. See Charles v. Baldwin, 1999 WL 694716 at 4-5 (D. Or. 1999)(court rejected petitioner's attempt to excuse the default of a sentencing error claim under the "actual innocence" exception because court found the "'actual innocence' exception applies to innocence of an 'offense,' not innocence of a sentence or a sentence enhancement."). Moreover, I find no evidence of petitioner's "actual innocence." See Wildman v. Johnson, 261 F.3d 832 (9th Cir. 2001)(court rejected petitioner's attempt to excuse default of a sentencing claim under the "miscarriage of justice" exception finding no showing of "factual innocence," "since Wildman failed to challenge the facts underlying his convictions, his claim of manifest injustice is

11 - OPINION AND ORDER

without merit.").

Therefore, I find no excuse for petitioner's default, and deny relief on his claim for due process.

## CONCLUSION

Petitioner's federal habeas petition is dismissed. This case is dismissed and all pending motions are denied as moot.

Dated this __13__ day of January 2006.

/s/ Ann Aiken
Ann Aiken
United States District Judge